UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MATTHEW D. WEST, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | Civil Action No. 14-cv-10678-IT |
| | * | |
| COMMONWEALTH OF MASSACHUSETTS, | * | |
| | * | |
| | * | |
| Respondent. | * | |

MEMORANDUM & ORDER

December 17, 2014

TALWANI, D.J.

I.  Introduction

On March 12, 2014, Matthew D. West petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, naming as Respondent the Commonwealth of Massachusetts. West challenges the legality of his federal detention on the ground that a predicate state conviction, used to enhance his federal sentence, was void. Presently at issue is the Commonwealth's Motion to Dismiss [#9].

The court finds that West cannot challenge his state sentence through a petition for habeas corpus under 28 U.S.C. § 2254, because that sentence is fully expired and he is currently in federal, not state, custody. Moreover, even if the court construed West's petition as a challenge to his federal sentence as enhanced, a petitioner may not collaterally challenge a predicate state conviction used to enhance a federal sentence through a motion under 28 U.S.C. § 2255. Accordingly, the Commonwealth's motion is ALLOWED.

II.  Background

   A.   *West's Federal Conviction and Sentencing*

After a jury trial in the U.S. District Court for the District of Massachusetts, West was found guilty for two counts of distribution and possession with intent to distribute cocaine pursuant to 21 U.S.C. § 841(a).  See United States v. West, 552 F. Supp. 2d 74, 83 (D. Mass. 2008).  The trial court scheduled a sentencing hearing for September 24, 2007.  See West v. United States, 631 F.3d 563, 566 (1st Cir. 2011).

In preparation for this hearing, the Probation Office prepared a presentence report, which classified West as a career offender based on two prior convictions: (1) a 1992 Virginia conviction for two counts of felony distribution of cocaine, and (2) a 2001 Massachusetts misdemeanor conviction for assault and battery for which West received a ninety day suspended sentence.  West, 552 F. Supp. 2d at 83–84.  Application of the career-offender guideline increased West's recommended guidelines' sentence from 10–16 months to 262–327 months.  Id.

On September 19, 2007, West's attorney filed a motion in the Roxbury, Massachusetts District Court asking that court to vacate West's 2001 assault and battery conviction to avoid application by the federal court of the career-offender guideline.  See Pet. 2 [#1]; West, 552 F. Supp. 2d at 84 & n.7.  On the morning of West's scheduled sentencing hearing in federal court, the state court judge allowed West's motion after an ex parte hearing.  West, 552 F. Supp. 2d at 84 & n.7, 89–95.

After receiving notice that the state court had vacated West's 2001 conviction, the government obtained a continuance of the sentencing hearing.  West, 631 F.3d at 566.  The Commonwealth then petitioned a single justice of the Massachusetts Supreme Judicial Court

("SJC") to vacate the order vacating West's 2001 conviction. Id. Before the single justice acted, the state court judge reconsidered, vacated sua sponte her prior order, and restored West's 2001 conviction. See Commonwealth v. West, No. 11-P-2076, 2013 WL 464589, at *1 (Mass. App. Ct. Feb. 8, 2013). The single justice subsequently dismissed the Commonwealth's petition for relief as moot, and West did not appeal that dismissal. See id.

On October 10, 2007, the federal district court sentenced West as a career offender. West, 552 F. Supp. 2d at 84. After a downward departure, West received a sentence of 180 months' imprisonment and ten years' supervised release. Id. at 85. West is currently in federal custody pursuant to this sentence.

### B. *West's Collateral Challenge to His Federal Sentence*

On March 2, 2009, West filed a motion to vacate or modify his sentence under 28 U.S.C. § 2255.[1] West challenged his federal sentence on four grounds: (1) ineffective assistance of counsel, (2) improper continuation of the sentencing hearing, (3) sentencing factor manipulation by the government, and (4) imposition of an unreasonable sentence. See West, 631 F.3d at 566. On July 29, 2009, the district court denied West's § 2255 motion. See id. On January 26, 2011, the First Circuit Court of Appeals affirmed the trial court's denial of this motion. See id. at 573. The Supreme Court denied West's petition for a writ of certiorari on October 3, 2011. West v. United States, 132 S. Ct. 268 (2011).

### C. *West's Direct Appeal of the Order Restoring his 2001 Conviction*

On March 19, 2008, West appealed the sua sponte restoration of his 2001 conviction to the Massachusetts Appeals Court, arguing that the Commonwealth's appeal to a single justice of

---

[1] The First Circuit dismissed West's direct appeal of his federal sentence as untimely. See West, 631 F.3d at 566.

the SJC had divested the trial judge of jurisdiction over the order vacating his conviction. West, 2013 WL 464589 at *1. For reasons not made clear in the record, this appeal lay dormant until 2013, when a single justice of the Massachusetts Appeals Court allowed West's motion "to have a late notice of appeal be deemed timely filed." See id. at *1 n.1. On February 8, 2013, the Massachusetts Appeals Court affirmed the reinstatement of West's conviction. Id. The SJC denied West's Application for Leave to Obtain Further Appellate Review on April 1, 2013. See Commonwealth v. West, 464 Mass. 1110 (2013).

D. *West's § 2254 Petition for Habeas Corpus Relief*

On March 12, 2014, West filed the instant petition for habeas corpus relief, arguing that the state trial judge was without jurisdiction to reinstate his 2001 conviction for assault and battery.[2] West asserts that, because his 2001 conviction was never properly reinstated, it should have been treated as void in his subsequent federal sentencing proceeding, and the federal court's application of the career-offender guideline renders his custody unlawful.

III. Discussion

A. *28 U.S.C. § 2254's Custodial Requirement*

West filed his petition for habeas relief under 28 U.S.C. § 2254, which governs challenges to custody by individuals "in custody pursuant to a judgment of a State court." 28 U.S.C. § 2254(a). Whether a person is in custody for purposes of § 2254(a) is determined by the petitioner's status on the date that the petition is filed. See Maleng v. Cook, 490 U.S. 488,

---

[2] The Commonwealth argues that West's petition should be barred for a failure to meet the one-year deadline to file for habeas relief, given that his conviction occurred in 2001 and his petition was filed on March 12, 2014. See Resp't's Mem. Law Supp. Mot. Dismiss Pet. Writ Habeas Corpus 8–10 [#10]. This argument overlooks that West's petition is based not on his 2001 conviction, but on the allegedly unlawful restoration of that conviction after vacatur by the state trial judge. West's direct appeal of that claim ended in April 2013, and his petition was filed eleven months later. See 28 U.S.C. § 2244(d)(1).

4

490–91 (1989) ("We have interpreted the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." (citing Carafas v. LaVallee, 391 U.S. 234, 238 (1968))). The fact that a state conviction is used to enhance a federal sentence is insufficient to render a petitioner "in custody" pursuant to that state conviction. See id. at 492–93.

West was not in custody pursuant to his 2001 assault and battery conviction on March 12, 2014. In 2001, West received a ninety-day suspended sentence for that conviction, which he completed more than a decade before bringing the instant petition. Accordingly, West cannot satisfy § 2254(a)'s custodial requirement to bring a challenge to his 2001 assault and battery conviction, and the court is procedurally barred from hearing that petition.

    B.    *West's Challenge to His Federal Sentence as Enhanced*

West asks that the court take notice of his pro se status and alternatively construe his petition as a challenge to the legality of his federal sentence, as enhanced by application of the career-offender guideline. See Maleng, 490 U.S. at 493–94 ("[The] habeas petition, construed with the deference to which pro se litigants are entitled, can be read as asserting a challenge to the [unexpired] sentence[], as enhanced by the allegedly invalid prior conviction."); see also Lackawanna Cnty. Dist. Attorney v. Coss, 532 U.S. 394, 401–02 (2001).

Even if his petition is so construed, however, the relief West requests is unavailable in light of Daniels v. United States, 532 U.S. 374 (2001). In Daniels, the Supreme Court held that:

> After an enhanced federal sentence has been imposed . . . , the person sentenced may pursue any channels of direct or collateral review still available to challenge his prior conviction. . . . If any such challenge to the underlying conviction is successful, the defendant may then apply for reopening of his federal sentence. . . . If, however, a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), then that defendant is without recourse. The presumption of

5

validity that attached to the prior conviction at the time of sentencing is
conclusive, and the defendant may not collaterally attack his prior conviction
through a motion under § 2255.

Id. at 382.[3]

Here, West challenged the restoration of his conviction on direct appeal to both the Massachusetts Appeals Court and the SJC; both courts denied relief.[4] Because this state court challenge was unsuccessful, Daniels dictates that the prior conviction must be considered valid. Accordingly, West's state conviction cannot be challenged through a § 2255 motion attacking his federal sentence.[5]

IV.  Conclusion

For the foregoing reasons, the Commonwealth's Motion to Dismiss [#9] is ALLOWED.

IT IS SO ORDERED.

December 17, 2014                                          /s/ Indira Talwani
                                                           United States District Judge

---

[3] Daniels recognizes an exception for uncounseled convictions and a possible exception for prior convictions for which "no channel of review was actually available" to the prisoner "through no fault of his own." 532 U.S. at 383–84. Neither exception applies to this case.

[4] West has not challenged the underlying conviction itself. Massachusetts allows individuals whose federal sentences have been enhanced to collaterally challenge long expired guilty pleas if there is "credible and reliable evidence to rebut a presumption that the prior conviction was valid." Commonwealth v. Lopez, 426 Mass. 657, 665 (1998).

[5] The court further notes that West has already filed a § 2255 motion challenging his federal sentence, which was decided on the merits. Accordingly, any subsequent challenge under § 2255 would be considered second or successive. See 28 U.S.C. § 2244(a). The court cannot consider a second or successive petition absent the petitioner first seeking certification from the appropriate court of appeals. See 28 U.S.C. § 2255(h); Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997). West received no such certification here.